the following opinion of this court was delivered by
Judge Roane.
The court is of opinion, that, although no consideration snoved to the appellants in this cause, from the representa1 tions of Many Carr, or of John Winston, in the proceedings mentioned, in the event of his having been dead at the time of signing the agreement therein also contained, yet that the said appellants having, by the said agreement, had it been perfected, obtained a certain interest in the property embraced by that agreement, instead of an uncertain and contingent one, that consideration would have enured to the benefit of the said representatives ; again, to the promiser being as adequate a consideration to support a contract, as a loss by the promisee : but the contract, in this case, having evidently contemplated a division and distribution of the •’whole estate thereby embraced, and not a part thereof, and that each and every of.the living children, and the representatives of such as were dead, should bo entitled to receive one-eighth part of such whole ; and there being no expressions therein contained adapting the same to the case which has actually happened, of a refusal by one or more of the living children to accede thereto, and, in that event, making the agreement binding pro tanto upon the parties signing the same, the court is of opinion, that there is intrinsic evidence, on the face of the agreement itself, that the same was not intended to be binding, but in the event of all the living children assenting thereto; such assent being indispensably necessary to fulfil the terms of the agreement, and subject the whole of the said estate to be allotted into eight equal parts.
On this ground, and it being- the province of a court of equity to carry the agreements of parties into specific execution, and not to change or alter the same, the court reverses the decree of the Superior Court of Chancery with costs, and dismisses the bill of the appellees.